**SIMMONS, Appellee,**

**v.**

**CITY OF DAYTON et al., Appellants.**

[Cite as *Simmons v. Dayton* (1992), 82 Ohio App.3d 385.]

Court of Appeals of Ohio,
Montgomery County.

No. 13343.

Decided Sept. 22, 1992.

*William J. Monroe,* for appellee.

*John J. Danish,* Assistant City Attorney, for appellants.

---

FAIN, Presiding Judge.

Plaintiff-appellee Aaron Simmons brought this action against the city of Dayton, its police division, and two individuals for the return of approximately $10,274 that was seized from him at the Dayton Airport. The trial court rendered summary judgment in Simmons's favor and defendants-appellants appeal from that judgment.

The city of Dayton contends that the trial court erred when it failed to find that it had no jurisdiction in this matter as a result of the fact that the money in question had been forfeited administratively to the United States. Among other things, the city contends that Simmons's failure to have pursued his administrative remedy pursuant to Sections 1607 through 1609, Title 19, U.S.Code bars his claim. We agree with the city. Accordingly, the judgment of the trial court is reversed, and this court enters judgment in the city's favor pursuant to App.R. 12(B).

I

On July 4, 1991, Simmons was arrested by Dayton police officers on two outstanding traffic capiases from 1987. During a search incident to his arrest, approximately $10,274 in currency was found taped to his legs. Simmons could not say how much money was taped to his legs, but did volunteer that not all the money belonged to him.

Simmons was informed that the money was going to be confiscated for federal seizure.

The money seized from Simmons has been the subject of litigation between federal and local authorities in both the federal and state courts. Simmons has not participated in that litigation, but brought this action to recover the money from the city of Dayton.

At no time did Simmons make a claim for the return of the money pursuant to Section 1608, Title 19, U.S.Code or Section 881(d), Title 21, U.S.Code.

The city of Dayton moved for summary judgment in the trial court, and its motion was denied. Simmons then moved for summary judgment, and his motion was granted. Judgment was entered accordingly. From that judgment the city of Dayton appeals.

## II

The city's second assignment of error is as follows:

"The lower court erred in ruling that appellant had a legal right to have the seized money returned to him."

In connection with this assignment of error, the city argues, albeit somewhat inartfully, that Simmons's failure to have sought the return of his money pursuant to Section 1608, Title 19, U.S.Code and Section 881(d), Title 21, U.S.Code, which incorporates the former statute by reference, bars his claim. This argument was also made to the trial court, albeit inartfully, in connection with the city's motion for summary judgment.

The failure to exhaust administrative remedies has been applied even when the administrative remedies are in a private setting. *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 564 N.E.2d 477. In the case before us, Simmons had a remedy available to him pursuant to federal law. He knew that the city of Dayton had expressed its intent to deliver the money to the federal government as a purported forfeiture. He could have sought the return of the money pursuant to Section 881(d), Title 21, U.S.Code, but he did not.

We conclude that Simmons's failure to pursue his federal remedy is fatal to his claim. Simmons's failure has prejudiced the city of Dayton since it is no longer in possession of the money, but has given the money to federal authorities pursuant to its expressed intent.

We conclude that when the evidence is viewed in a light most favorable to Simmons, the city of Dayton and the other defendants are entitled to judgment as a matter of law by virtue of Simmons's failure to have exhausted his federal remedy.

The city's second assignment of error is sustained.

## III

We find it unnecessary to decide the city's other assignments of error in view of our disposition of its second assignment of error. App.R. 12(A)(1)(c).

## IV

The city's second assignment of error having been sustained, and this court finding that the defendants-appellants are entitled to judgment as a matter of

law, the judgment of the trial court is reversed and judgment is rendered in favor of defendants-appellants, in accordance with App.R. 12(B).

*Judgment reversed.*

WOLFF and GRADY, JJ., concur.