OPINION
This timely appeal arises from the judgment of the Mahoning County Court of Common Pleas, following remand from this Court, concluding that Appellant was not entitled to the return of money seized by the Youngstown Police Department and subsequently made the subject of federal forfeiture proceedings. For all of the, following reasons, the judgment of the trial court is hereby affirmed.
The underlying facts in this case are not disputed by the parties. On March 20, 1994, three different apartments on Otis Street in Youngstown, Ohio, were searched by the Youngstown Police Department pursuant to a search warrant issued by Municipal Court Judge Louis K. Levy. While acting on the basis of that search warrant, the police stopped Lester Scott ("Appellant") while in his van, conducted a search and subsequently seized, among other items, 6.6 grams of cocaine and approximately $53,000.00 in cash.
On April 29, 1994, Appellant was indicted by the Mahoning County Grand Jury for possessing criminal tools, in violation of R.C. § 2923.12(A)(D) and drug abuse, in violation of R.C. §2925.11(A)(C)(1). On March 14, 1995, Appellant filed a Motion to Suppress. The relevant portion of that motion requested the return of all "illegally seized" property which included the money confiscated from Appellant. Appellant's motion was overruled on March 14, 1995 and the case proceeded to trial where Appellant was found guilty of possession of criminal tools and drug abuse.
Appellant was sentenced to serve one year of imprisonment on each charge and ordered to pay a mandatory fine. On August 4, 1995, following a Motion for Reconsideration, the trial court suspended Appellant's prison sentence and placed Appellant on probation for a three year term. Appellant appealed his conviction to this Court asserting three assignments of error. By way of a Journal Entry dated March 9, 1998, this Court overruled Appellant's first and second assignments of error but concluded that there was insufficient information in the record to address Appellant's third assignment of error challenging the trial court's failure to order the return of the money in question. That assignment of error provided as follows:
 "THE COURT ERRED WHEN IT FAILED TO ORDER THE RETURN OF ILLEGALLY SEIZED PROPERTY."
As such, this Court remanded the matter to the trial court to make the following determinations:
 "1) The current location of the $53,000.00 taken from the van; 2) Whether the $53,000.00 taken from the van was illegally seized; and 3) Whether the $53,000.00 taken from the van should be returned to Appellant."
State v. Scott (March 9, 1998), Mahoning App. No. 95 CA 140.
On August 12, 1998, the trial court held a hearing on remand in order to make the determinations ordered by this Court. In a Judgment Entry dated August 20, 1998, the trial court concluded that, pursuant to a stipulation by Appellant, the $53,000.00 was in the possession of federal authorities and subject to federal civil forfeiture proceedings. (Transcript, pp. 7-8). As to the legality of the initial seizure, Appellant stipulated that both the search conducted by the authorities and the seizure of the money was legal. (Transcript, p. 20). In answering the final issue on remand, whether the seized money should be returned to Appellant, the trial court concluded that since the money was in the possession of the federal authorities pursuant to federal civil forfeiture proceedings, this issue was moot. Therefore, the court determined that Appellant was, "not entitled to the return of the monies seized from the van." (Judgment Entry, August 20, 1998).
It is from this judgment that the present appeal arises. Appellant presents two assignments of error which are set forth below.
 "I. THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR THE RETURN OF PROPERTY."
 "II. THE TRIAL COURT ERRED IN RULING IT LACKED JURISDICTION TO ORDER THE RETURN OF FUNDS SEIZED INCIDENT TO THE EXECUTION OF A STATE WARRANT AND THAT THIS WAS SO BECAUSE THE FUNDS HAD BEEN "ADOPTED" BY THE FEDERAL GOVERNMENT AND SUBSEQUENTLY FORFEITED TO THE GOVERNMENT IN A FEDERAL PROCEEDING."
Appellant argues that the failure of the prosecution to bring any criminal charges against him related to the confiscated money requires that the court order that this money be returned. Had this money been in the possession of state authorities, Appellant's argument would be meritorious. R.C. § 2933.43(C) provides in relevant part:
 "Any property seized because of its relationship to an underlying criminal offense or administrative violation shall be returned to its owner if charges are not filed in relation to that underlying offense or violation within thirty days after the seizure. * * * * If the property seized was determined by the seizing law enforcement officer to be contraband other than because of a relationship to an underlying criminal offense or violation, the forfeiture hearing under this section shall be held no later than forty-five days after the seizure * * *."
It is undisputed that criminal charges which could be seen as related to the seized money were never filed against Appellant. As such, Appellant had a right under Ohio state law to the return of those funds pursuant to the above-cited statute. However, what is equally undisputed is the fact that the money in question was turned over to federal authorities and forfeited pursuant. tofederal law, 21 U.S.C. § 881(a). The Ohio Supreme Court has made it clear that, "since the money was forfeited under federal law, it is immaterial what R.C. § 2933.43 states about its return. [Appellant's] claim, if any, is against the federal government." State, ex rel. Chandler v. Butler (1991), 61 Ohio St.3d 592,593.
It is important to observe that pursuant to 21 U.S.C. § 881
(a), Appellant received notice that the United States Government intended to commence federal civil forfeiture proceedings with respect to the seized money. (Transcript, p. 64). At that time, Appellant was provided information concerning how to contest the federal action. One of the preliminary steps Appellant had to take in order to challenge the forfeiture was to either post a bond in an amount of 10% of the value of the property being contested or, in the alternative, to proceed InForma Pauperis which requires completion of a financial disclosure form. (Transcript, p. 65) Appellant elected to proceedIn Forma Pauperis, but after the F.B.I. questioned the veracity of Appellant's financial disclosures and requested additional information, Appellant withdrew his challenge to the forfeiture. (Transcript, pp. 66-70)
As such, it is evident that Appellant was provided with a means to seek the return of the money subjected to federal forfeiture but elected not to challenge the forfeiture. Appellant's failure to utilize the federal remedy provided to him pursuant to 21 U.S.C. § 881(d) when he knew the seized money was in the possession of the federal authorities is fatal to his claim. Simmons v. Dayton (1992), 82 Ohio App.3d 385.
This Court notes that at the remand hearing, the trial judge expressed serious misgivings concerning the legal loophole which effectively allows local law enforcement authorities to completely circumvent the procedural safeguards contained in the state forfeiture statute. This is accomplished by merely turning the seized property over to federal authorities pursuant to federal statute which does not require a defendant's conviction as a condition precedent to forfeiture proceedings. The trial court's misgivings are highlighted by the fact that there is an apparent financial incentive for a local police department to seek the implementation of federal forfeiture proceedings as opposed to its state law counterpart. The cumulative effect of this practice is to reduce Ohio's forfeiture statute to a functional nullity.
This Court shares the trial court's concern, but like the lower court we are bound to follow the Supremacy Clause codified in Article VI of the United States Constitution as well as the Ohio Supreme Court's holding in State, ex rel. Chandler v. Butler,supra. Accordingly, Appellant's assignments of error are overruled and the judgment of the Mahoning County Court of Common Pleas is hereby affirmed.
VUKOVICH, J., concurs.
DONOFRIO, J., concurs.
APPROVED:
 _______________________ CHERYL L. WAITE, JUDGE.